# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

TAMPA Division



## CIVIL RIGHTS COMPLAINT FORM

RALPH XAVIER PEREZ

PRISON NO.: 349548

(Enter full name of each Plaintiff and prison number, if applicable)

v.

OFFICERS HOLT, JOHN DOE (KNOWN AS PK),

COOPER, YI, JOHN DOE, SERGEANTS

SMITH, JOHN DOE, LIEUTENANT

JOHN DOE, IN THEIR INDIVIDUAL CAPACITY

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

_____/

CASE NUMBER: _____
(To be supplied by Clerk's Office)

8:09-cv-00261-T-33 MAP

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** HAMILTON C.I. ANNEX,
(Indicate the name and location)

11419 SW COUNTY ROAD 249, JASPER FL. 32052

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]



DC 225 (Rev. 9/03)                                1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:   NOT APPLICABLE

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No (✓)

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No (✓)

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)                                   2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this __12th__ day of __FEBRUARY__, 2 __009__.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( ) SEE ATTACHMENT

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( ) SEE ATTACHMENT

C. If your answer is YES:

   1. What steps did you take? __SEE ATTACHMENT__

   2. What were the results? __SEE ATTACHMENT__

   3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: __SEE ATTACHMENT__


**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this __10th__ day of __FEBRUARY__, 2 __009__.

_____
Signature of Plaintiff

III. ATTACHMENT

Plaintiff was transferred around and away from the Polk County Jail and returned to Okeechobee Correctional Institution, a state facility, within 24 hours of being released from the hospital, after being assaulted. On November 7, 2006, Plaintiff mailed a grievance/complaint, written in letter form, to the Polk County Jail at 2390 Bob Phillips Road, Bartow, Florida.

Plaintiff received no response and followed up with a second grievance/complaint on December 28, 2006.

As of this date Plaintiff has not received a response to either grievance/complaint.

I declare under penalty of perjury that the foregoing answers to the questions in this section are true and correct. Signed this 10th day of February, 2009.

_____
PLAINTIFF

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No (✗) e.x.p. SEE ATTACHMENT

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): RALPH XAVIER PEREZ

   Defendant(s): WALTER A. MCNEIL, SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS

2. Court (if federal court, name the district; if state court, name the county):
   SECOND JUDICIAL CIRCUIT, LEON COUNTY, FLORIDA

3. Docket Number: 2008 CA 2182

4. Name of judge: WILLIAM L. GARY

5. Briefly describe the facts and basis of the lawsuit: PETITION FOR WRIT OF MANDAMUS — CHALLENGING INSTITUTION DISCIPLINARY REPORT

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): MANDAMUS DENIED IN CIRCUIT COURT - CERTIORARI PENDING IN FIRST DISTRICT COURT OF APPEALS.

7. Approximate filing date: JULY 7, 2008

8. Approximate disposition date: NOVEMBER 21, 2008

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

IV. PREVIOUS LAWSUITS: (ATTACHMENT)

1. PARTIES TO PREVIOUS LAWSUIT:
   PLAINTIFF: RALPH XAVIER PEREZ.
   DEFENDANT: WALTER A. MCNEIL, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.

2. COURT:
   U.S. DISTRICT COURT - MIDDLE DISTRICT OF FLORIDA - ORLANDO DIVISION.

3. DOCKET NUMBER: 6:08-CV-837

4. NAME OF JUDGE: KARLA R. SPAULDING

5. BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: HABEAS CORPUS PETITION - CHALLENGING STATE COURTS DENIAL OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, IN CRIMINAL PROCEEDINGS.

6. DISPOSITION: STILL PENDING.

7. APPROXIMATE FILING DATE: MAY 28, 2008.

8. APPROXIMATE DISPOSITION DATE: STILL PENDING.

__NOT APPLICABLE__

V. **PARTIES**: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

    A. Name of Plaintiff: __RALPH XAVIER PEREZ__

       Mailing address: _____

    B. Additional Plaintiffs: __NOT APPLICABLE__

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

    C. Defendant: __HOLT (FIRST NAME NOT KNOWN)__

       Mailing Address: __1103 HIGHWAY 98 WEST__

       __FROSTPROOF, FLORIDA 33843__

       Position: __CORRECTIONAL OFFICER__

       Employed at: __POLK COUNTY JAIL__

    D. Defendant: __JOHN DOE (KNOWN AS "PK")__

       Mailing Address: __1103 HIGHWAY 98 WEST__

       __FROSTPROOF, FLORIDA 33843__

       Position: __CORRECTIONAL OFFICER__

       Employed at: __POLK COUNTY JAIL__

E. Defendant: COOPER (FIRST NAME NOT KNOWN)
Mailing Address: 1103 HIGHWAY 98 WEST
FROSTPROOF, FLORIDA 33843
Position: CORRECTIONAL OFFICER
Employed at: POLK COUNTY JAIL

F. Defendant: YI (FIRST NAME NOT KNOWN)
Mailing Address: 1103 HIGHWAY 98 WEST
FROSTPROOF, FLORIDA 33843
Position: CORRECTIONAL OFFICER
Employed at: POLK COUNTY JAIL

G. Defendant: SMITH (FIRST NAME NOT KNOWN)
Mailing Address: 1103 HIGHWAY 98 WEST
FROSTPROOF, FLORIDA 33843
Position: CORRECTIONAL OFFICER SERGEANT
Employed at: POLK COUNTY JAIL

H. DEFENDANT: JOHN DOE
MAILING ADDRESS: 1103 HIGHWAY 98 WEST
FROSTPROOF, FLORIDA 33843
POSITION: CORRECTIONAL OFFICER SERGEANT
EMPLOYED AT: POLK COUNTY JAIL

I. DEFENDANT: JOHN DOE
MAILING ADDRESS: 1103 HIGHWAY 98 WEST
FROSTPROOF, FLORIDA 33843
POSITION: CORRECTIONAL OFFICER LIEUTENANT
EMPLOYED AT: POLK COUNTY JAIL

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

SEE ATTACHMENT

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

CLAIMS I AND II  MISUSE AND EXCESSIVE USE OF FORCE.

1. ON OCTOBER 25, 2006, PLAINTIFF WAS TRANSFERED FROM OKEECHOBEE CORRECTIONAL INSTITUTION TO THE POLK COUNTY JAIL IN BARTOW, FLORIDA.

2. IN BETWEEN OCTOBER 25 AND OCTOBER 31, 2006, PLAINTIFF WAS TRANSFERED FROM THE JAIL IN BARTOW TO A JAIL IN FROSTPROOF FLORIDA.

3. ON OCTOBER 31, 2006, PLAINTIFF WAS USING THE DAYROOM TELEPHONE IN THE ALPHA CELLBLOCK IN FROSTPROOF WHEN DEFENDANTS OFFICER HOLT AND OFFICER JOHN DOE (KNOWN AS "DK") ENTERED THE UNIT AND ASKED AN INMATE TO RETURN TO HIS ASSIGNED CELL.

DC 225 (Rev. 9/03)   10

## VI. STATEMENT OF CLAIM: (ATTACHMENT)

**CLAIM I:** VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

THE ACTIONS OF DEFENDANTS HOLT, JOHN DOE (KNOWN AS "PK"), COOPER, YI, JOHN DOE, SGT. SMITH, SGT. JOHN DOE, AND LT. JOHN DOE, IN USING EXCESSIVE PHYSICAL FORCE AGAINST THE PLAINTIFF WITHOUT NEED OR PROVOCATION, OR IN FAILING TO INTERVENE TO PREVENT THE MISUSE OF FORCE, WERE DONE MALICIOUSLY AND SADISTICALLY, AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

**CLAIM II:** VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

THE ACTIONS OF DEFENDANTS HOLT, JOHN DOE (KNOWN AS "PK"), COOPER, YI, JOHN DOE, SGT. SMITH, SGT. JOHN DOE, AND LT. JOHN DOE, IN SADISTICALLY, MALICIOUSLY, AND BRUTALLY BEATING PLAINTIFF DENIED HIM OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION, THUS, VIOLATING PLAINTIFFS RIGHT TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

**CLAIM III:** VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

THE ACTIONS OF DEFENDANTS HOLT, JOHN DOE (KNOWN AS "PK"), COOPER, YI, JOHN DOE, SGT. SMITH, SGT. JOHN DOE, AND LT. JOHN DOE, IN FAILING TO RESPOND TO WRITTEN GRIEVANCE/COMPLAINTS VIOLATED PLAINTIFFS RIGHT TO BE HEARD AND FOR A REDRESS OF GRIEVANCE IN VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

**Statement of Facts, continued:**

4. THE INMATE BECAME ARGUMENTIVE WITH THE OFFICERS AT FIRST BUT THEN COMPLIED.

5. OFFICER HOLT THEN WALKED OVER TO THE TELEPHONE AREA AND WITHOUT WARNING DISCONNECTED PLAINTIFFS TELEPHONE CALL.

6. PLAINTIFF ASKED OFFICER HOLT WHY DIDN'T HE JUST ASK HIM TO TERMINATE HIS CALL AND GIVE HIM THE OPPORTUNITY TO PROPERLY END HIS CALL AND ASKED TO SPEAK TO THE OFFICER IN CHARGE.

7. OFFICER HOLT BECAME VERBALLY ABUSIVE AND ORDERED PLAINTIFF TO HIS CELL IN RESPONSE.

8. OFFICER HOLT AND OFFICER JOHN DOE (KNOWN AS "PK") FOLLOWED PLAINTIFF TO HIS CELL. WHEN PLAINTIFF REACHED THE DOORWAY TO THE CELL OFFICER HOLT FORCEFULLY PUSHED HIM INSIDE.

9. PLAINTIFF TURNED AROUND AND AGAIN ASKED TO SPEAK TO HIS SUPERVISOR.

10. OFFICER HOLT THEN PUNCHED PLAINTIFF IN THE FACE WITH A CLOSED FIST.

11. PLAINTIFF RAISED HIS ARMS IN AN ATTEMPT TO PROTECT HIMSELF AND IN THAT MOMENT OFFICER JOHN DOE (KNOWN AS "PK") SPRAYED PLAINTIFF IN THE FACE WITH A CHEMICAL AGENT.

12. OFFICERS COOPER, YI, AND JOHN DOE, SGT. SMITH, SGT. JOHN DOE, AND LT. JOHN DOE ARRIVED AND JOINED OFFICERS HOLT AND JOHN DOE (KNOWN AS "PK") IN BEATING PLAINTIFF WITH CLOSED FISTS.

13. PLAINTIFF WAS KNOCKED TO THE GROUND AND HANDCUFFED.

Statement of Facts, continued:

14. WHILE PLAINTIFF WAS ON THE GROUND IN HANDCUFFS THE DEFENDANTS CONTINUED TO KICK AND STOMP PLAINTIFF.

15. DEFENDANT SGT. SMITH THEN COMMENCED TO TWIST AND BEND PLAINTIFF'S LEG AT THE KNEE IN AN ATTEMPT TO DISLOCATE IT.

16. PLAINTIFF LOST CONSCIOUSNESS. WHEN PLAINTIFF REGAINED CONSCIOUSNESS HE WAS SITTING ON THE FLOOR OF A SHOWER STALL, FULLY CLOTHED AND IN HANDCUFFS, WITH THE WATER RUNNING OVER HIM.

17. PLAINTIFF WAS THEN TAKEN TO SEE THE ON-DUTY NURSE WHO IN TURN NOTIFIED HER SUPERVISOR BY TELEPHONE THAT PLAINTIFF NEEDED TO BE TAKEN TO A HOSPITAL.

18. PLAINTIFF WAS TAKEN TO A HOSPITAL IN BARTOW WHERE HE WAS X-RAYED, CT SCANNED, PHYSICALLY EXAMINED, AND KEPT FOR A BRIEF OBSERVATION OVERNIGHT BY THE EMERGENCY ROOM DOCTOR.

19. ON NOVEMBER 1, 2006, UPON BEING RELEASED FROM THE HOSPITAL PLAINTIFF WAS TRANSPORTED TO THE JAIL IN BARTOW THEN BACK TO FROSTPROOF AND IN DIRECT CONTACT WITH DEFENDANTS HOLT AND YI.

20. AT THE FROSTPROOF JAIL PLAINTIFF WAS SUBJECTED TO VERBAL THREATS AND INTIMIDATION TACTICS TO DISCOURAGE PLAINTIFF FROM MAKING AN OFFICIAL COMPLAINT.

21. ON NOVEMBER 2, 2006, PLAINTIFF WAS TRANSFERRED BACK TO OKEECHOBEE CORRECTIONAL INSTITUTION.

STATEMENT OF FACTS, CONTINUED:

22. THE RECEIVING PRISON STAFF NOTICED PLAINTIFFS OBVIOUS INJURIES AND IMMEDIATELY DOCUMENTED AND PHOTOGRAPHED ALL VISIBLE SWELLING, BRUISES, CONTUSIONS, ABRASIONS, AND AN APPARENT BOOTPRINT.

CLAIM III. DENIAL OF RIGHT TO BE HEARD AND REDRESS OF GRIEVANCE.

23. ON NOVEMBER 7, 2006, PLAINTIFF MAILED A GRIEVANCE/COMPLAINT, IN THE FORM OF A LETTER, TO THE POLK COUNTY JAIL AND DID NOT RECEIVE A RESPONSE.

24. ON DECEMBER 28, 2006, PLAINTIFF MAILED A SECOND GRIEVANCE/COMPLAINT TO THE POLK COUNTY JAIL AND STILL DID NOT RECEIVE A RESPONSE.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

PLAINTIFF SEEKS TO BE AWARDED $1.00, AGAINST THE DEFENDANTS JOINTLY, IN NOMINAL DAMAGES; $80,000.00, AGAINST THE DEFENDANTS JOINTLY, IN COMPENSATORY DAMAGES FOR CAUSING PHYSICAL PAIN AND INJURY, PSYCHOLOGICAL DAMAGE, INCLUDING HUMILIATION, AND MENTAL ANGUISH; AND $10,000.00, FROM EACH DEFENDANT, IN PUNITIVE DAMAGES. PLAINTIFF ALSO SEEKS TO BE COMPENSATED FOR FILING FEE, ATTORNEY FEE, AND EXPENSES.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  10TH  day of  FEBRUARY , 2 009 .

Rafael Xavier Puig

HAMILTON C.I. ANNEX

11419 SW COUNTY ROAD 249

JASPER, FL. 32052

(Signatures of all Plaintiffs)