UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH XAVIER PEREZ,

        Plaintiff,

v.                        Case No. 8:09-cv-261-T-33MAP

OFFICER HOLT, et al.,

        Defendants.

_____

**O R D E R**

This cause is before the Court on the Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1983 civil rights complaint, "and/or strike Plaintiff's claim for violation of the Fourteenth Amendment and request for attorney's fees."[1] (Doc. No. 27).

**PLAINTIFF'S ALLEGATIONS**

**Claims I and II – Misuse and Excessive Use of Force**

Plaintiff alleges that on October 25, 2006, he was transferred from Okeechobee Correctional Institution to the Polk County Jail in Bartow, Florida, and that he was subsequently transferred to the jail in Frostproof, Florida. He claims that on October 31, 2006, he was using the day room telephone in the Frostpoof jail when Officers Holt and Przenkop entered the unit and asked another inmate to return to his assigned cell. That

---

[1] The following Defendants have been served in this case: Officer Carl Holt (identified by Defendants as Officer Hjort); Officer Andrew Przenkop (John Doe 1); Lieutenant Duane Peacock (John Doe 2); Officer Yi; Sergeant Smith (John Doc 3); and Officer Cooper.

inmate became argumentative but complied. Officer Holt then walked over to the telephone area and without warning disconnected Plaintiff's telephone call.

Plaintiff alleges that he asked Officer Holt why the Officer did not ask Plaintiff to terminate his call and give him the opportunity to "properly end his call." Plaintiff asked to speak to the Officer in charge. According to Plaintiff, Officer Holt became verbally abusive and ordered him to his cell. Plaintiff claims that Officers Holt and Przenkop followed him to his cell and when Plaintiff reached the doorway, Officer Holt forcefully pushed him inside. Plaintiff claims when he turned around and again asked to speak to the supervisor. Officer Holt punched Plaintiff in the face with a closed fist. Plaintiff alleges that he raised his arms to protect himself and Officer Przenkop sprayed him in the face with a chemical agent. Then the other officers entered the cell and "joined in" beating Plaintiff with closed fists.

Plaintiff contends that he was knocked to the ground and handcuffed and that while he was "handcuffed on the ground," the officers kicked and stomped him. According to Plaintiff, Sergeant Smith "commenced to twist and bend Plaintiff's leg at the knee in an attempt to dislocate it." Plaintiff claims that he lost consciousness and when he regained consciousness he was sitting on the floor of a shower stall, fully clothed and in handcuffs, with the water running over him. He claims that he was taken to the on-duty nurse who notified her supervisor by telephone that Plaintiff "needed to be taken to a hospital."

Plaintiff states that he was taken to a hospital in Bartow where he was "x-rayed, CT scanned, physically examined, and kept for a brief observation overnight by the emergency room doctor." Plaintiff alleges that on November 1, 2006, upon being released from the hospital, he was transported to the jail in Bartow and then back to Frostproof "and in direct contact with Defendants Holt and Yi." Plaintiff alleges that at the Frostproof Jail, he was

"subjected to verbal threats and intimidation tactics to discourage" his making an official complaint.

Plaintiff states that he was transferred to Okeechobee Correctional Institution on November 2, 2006, and that the receiving prison staff "noticed Plaintiff's obvious injuries and immediately documented and photographed all visible swelling, bruises, contusions, abrasions, and an apparent bootprint."

### Claim III -- Denial of Right To Be Heard and Redress of Grievance

Plaintiff claims that on November 7, 2006, he mailed a letter grievance/complaint, to the Polk County Jail but did not receive a response. He alleges that he mailed a second letter grievance/complaint to the Polk County Jail on December 28, 2006 but did not receive a response. He states that he has never received a response to either letter grievance/complaint.

Plaintiff seeks $1.00 "against the Defendants jointly, in nominal damages." He seeks $80,000 "against the Defendants jointly, in compensatory damages for physical pain and injury, psychological damages, including humiliation, and mental anguish"; and $10,000 from each Defendant in punitive damages. Plaintiff also seeks to be compensated for the filing fee, attorney's fee, and expenses.

### STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the

complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

### Defendants' Motion To Dismiss, or in the Alternative Motion To Strike Plaintiff's Fourteenth Amendment Claim and Claim for Attorney's Fees

Defendants claim that Plaintiff's civil rights complaint should be dismissed because 1) Plaintiff failed to comply with the Prison Litigation Reform Act, or to verify that he has exhausted his administrative remedies; 2) Plaintiff's civil rights complaint fails to state a claim that would impose liability against Defendants for violation of the First Amendment; 3) Plaintiff was incarcerated at the time of the alleged misconduct and the Fourteenth amendment is not the proper source of substantive protection; and, 4) Plaintiff's request for attorney's fees is improper as pro-se litigants are not entitled "to same under § 1988."

The Court agrees that Plaintiff failed to comply with requirements of the Prison Litigation Act that he exhaust administrative remedies. However, Plaintiff states that he was "transferred around and away from the Polk County Jail and returned to Okeechobee Correctional Institution, a state facility, within 24 hours of being released from the hospital." It is not clear how Plaintiff could have exhausted his administrative remedies at the Polk County Jail when he was incarcerated in a state facility. Plaintiff claims that he attempted to file two letter grievances and that Defendants did not respond to either letter. Defendants do not refute this allegation in the motion to dismiss.

The Court agrees that Plaintiff has not stated a claim that would impose liability against Defendants for violation of the First Amendment as he has not shown that Defendants retaliated against him for filing grievances.

The Court also agrees that Plaintiff would not be entitled to attorney's fees if he prevails.

However, the Court finds that Plaintiff's excessive force claim may not be dismissed under Rule 12(b)(6) because it does not appear beyond doubt "that the plaintiff can prove no set of facts in support of his claim" of excessive force. See *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Defendants allege that Plaintiff cannot state a claim because he is incarcerated[2] and that the Fourteenth Amendment does not apply to incarcerated prisoners.

It is true that a pretrial detainee's claim of excessive force, is analyzed under the substantive due process provision of the Fourteenth Amendment, *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir.2005), and that a claim of excessive force by a convicted prisoner is analyzed under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 318-26, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). A claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive force claim under the Eighth Amendment, *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009), and vice versa.

The Eighth Amendment ban on cruel and unusual punishment protects prisoners from punishment involving "the unnecessary and wanton infliction of pain [and] the imposition of pain totally without penalogical justification." *Evans v. Dugger*, 908 F.2d 801,

---

[2] The Court assumes that Defendants mean Plaintiff is a convicted prisoner instead of a pre-trial detainee.

803 (11th Cir.1990). When prison guards use force in the context of a security measure, the issue ultimately turns on "whether force was applied in good effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. at 320-321, 106 S.Ct. at 1078 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)). To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that more than a de minimis injury resulted. *See McReynolds v. Ala. Dept. of Youth Services*, 204 Fed. Appx. 819 (11th Cir. 2006); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir.2002). Plaintiff's alleged facts meet this standard, and Defendants' motion to dismiss on the excessive force claim will be denied.

Accordingly, the Court orders:

1. That Defendants' motion to dismiss (Doc. No. 27) is granted as to Plaintiff's First Amendment claim.

2. That Defendants' motion to strike (Doc. No. 27) is granted as to Plaintiff's request for attorney's fees.

3. That, in all other respects, Defendants' motion to dismiss (Doc. No. 27) is denied.

4. Defendants shall file their answer within ten days of the date of this order.

ORDERED at Tampa, Florida, on September 15, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ralph Xavier Perez