UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

```
LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX
MAR 09 2010
FOR MAILING R.X.P.
```

RALPH XAVIER PEREZ,
Plaintiff,

Vs.

Case No.: 8:09-CV-261-T-33MAP

OFFICER HOLT, et. al.,
Defendant(s).
_____/

## BRIEF IN OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTION

This is a § 1983 action filed by a prisoner seeking damages based on the use of excessive force.

Defendants have filed a Motion for Summary Judgment as to Plaintiff's Use of Force Claim against them, arguing that their use of force was reasonable under the circumstances and applied in a good-faith effort to maintain or restore discipline.

Because the Defendants have failed to meet their burden of demonstrating that there is no dispute as to any material fact Plaintiff respectfully asks this Court to deny Defendants Motion for Summary Judgment.

2010 MAR 15  PM 12: 38
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA
FILED

## **ARGUMENT**

There are genuine issues of material fact that preclude summary judgment for the Defendants on the Plaintiff's Use of Force Claim.

Summary judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law: Rule 56 (c), Fed. R.Civ.P. a "material" fact is one that "might affect the outcome of the suit under governing law". *Anderson v. Liberty Lobby, inc.*, 477 U.S. 242, 248 (1986).

The affidavits of the Plaintiff and the Defendants are squarely contradictory as to what force was used. The allegations in the Plaintiff's affidavit portray a completely needless use of force against an inmate who was not resisting, disorderly, or unruly, and was following the order he had been given except for simply requesting to speak to an officer in charge, covering his face to protect himself after he was punched and sprayed with a chemical agent, and running to the back of his assigned cell to keep from being assaulted further. Plaintiff has never admitted that he became argumentative with detention deputies as the Defendants claim in their Motion for Summary Judgment.

In their affidavits Defendants claim Plaintiff lunged and attempted to swing at Defendant Przenkop. Plaintiff asserts had this happened Plaintiff would have been charged with a criminal offense as the law and jail policy dictates or at a

minimum a disciplinary report would have been written and Plaintiff would have been placed in disciplinary isolation. Instead, upon returning from the hospital Plaintiff was placed back in open population in the same housing unit where the assault took place with no disciplinary action taken against Plaintiff.

Defendant Przenkop further admits in his affidavit he "defended" himself by striking Plaintiff three times to the <u>right</u> side of the head with a closed fist and twice more on the side of the head with no explanation for the injuries on Plaintiff's <u>left</u> side of his head and body as is evidenced in the Florida Department of Corrections diagram of injury documented by Okeechobee Correctional Institution medical staff. (<u>See</u>: Exhibit A).

In their affidavits Defendants admit Plaintiff ran to the back of his cell to avoid being sprayed with the chemical agent which substantiates Plaintiff's claim that the excessive force was maliciously applied for the very purpose of causing harm because at that point Plaintiff could have been locked inside the cell, the situation being contained, as he was at a safe distance from the Defendants, presenting no type of threat or danger.

In their Motion for Summary Judgment Defendants state: "Admittedly, Plaintiff (and the actual Defendants who used protective action against Plaintiff) received some bumps and bruises in the scuffle". Plaintiff asserts bumps and bruises would not have amounted to a trip to a hospital emergency room for the

Plaintiff to be x-rayed, CT scanned, and kept for head injury observation. There is clearly a genuine issue of fact.

The factual dispute is also material under the governing law, whether the use of force by prison staff violates the Eighth Amendment depends on whether it was "applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm". *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 998-99 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986).

The facts alleged by the Plaintiff are evidence that the Defendants were acting "maliciously and sadistically to cause harm"; they would support a jury verdict in the Plaintiff's favor. See: *Miller v. Leathers*, 913 F.2d 1085, 1088 (4th Cir. 1990) (en banc) (Retaliatory intent could be inferred from officer's action); cert. denied, 111 S.Ct. 1018 (1991); *Oliver v. Collins*, 914 F.2d 56, 59 (5th Cir. 1990) (Testimony that a beating was completely gratuitous and that no force at all was necessary would support a finding of malice); *Lewis v. Downs*, 744 F.2d 711, 714 (6th Cir. 1985) (Evidence that an officer kicked a handcuffed person who was lying on the ground showed malicious motivation).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Defendants Motion for Summary Judgment should be denied.

Respectfully Submitted,

**Ralph Xavier Perez**, #349548
Wakulla Correctional Inst. (Annex)
110 Melaleuca Drive
Crawfordville, Florida 32327

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been placed in the hands of prison officials for mailing to: Jack P. James, P.O. Box 2369, Lakeland, Florida 33806, on this 9 TH day of March, 2010.

**Ralph Xavier Perez**, #349548
Wakulla Correctional Inst. (Annex)
110 Melaleuca Drive
Crawfordville, Florida 32327

5

# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF HEALTH SERVICES
### DIAGRAM OF INJURY



Annotations on diagram:
- #4 Scratch mark
- #12 Rt jaw swollen, upper/lip swollen inside of lip swollen/bruised, Rt lateral tongue swollen
- Old scar (1991) Rotator Cuff repair
- #3 bruising inner ear, contusion .75w x 1in
- #2 bruises
- #6 Bruise
- #9 Swelling
- #7 Bruise
- #5 Scratch mark
- #8 Imprint of possible Boot
- #11 Rt Knee Swollen c abrasion
- #10 Abrasion

Date of occurrence  10-31-06          Time of occurrence  10:00 am

☐ No injury identified

Description of injury  Inmate presented to OCI medical, return from CFC. Injuries noted on return from Polk County Jail, inmate claims injuries occured as a result of altercation.

_____   K. Vandermolen R.N.
Staff Signature                          Okeechobee C.I.

Inmate Name  Roger Ralph
DC#  349548          Race/Sex  H/M
Date of Birth  8-4-72
Institution  OCI

This form is not to be amended, revised, or altered without approval of the Deputy Director of Health Services Administration

DC4-708 (Revised 2/00)

*Exhibit A*