UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEGAL MAIL
PROVIDED TO WAKULLA CI ANNEX
MAR 09 2010
FOR MAILING R.X.P.

RALPH XAVIER PEREZ,
    Plaintiff,

Vs.

Case No.: 8:09-CV-261-T-33MAP

OFFICER HOLT, et. al.,
    Defendant(s).
_____/

## DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION SUMMARY JUDGMENT

Ralph Xavier Perez declares under penalty of perjury:

1. I am the Plaintiff in the above-entitled case. I make this Declaration in Opposition to Defendants' Motion for Summary Judgment on my claim concerning the use of excessive force against me by the Defendants named.

2. In their Motion for Summary Judgment the Defendants claim, in summary, that they ordered me to enter my cell, that I refused, and when they pushed me into the cell, I lunged toward them and raised my hand in what appeared as an attempt to strike one of the Defendants and that the resulting use of force was justified.

3. The Defendants are not entitled to Summary Judgment because there are genuine issues of material fact to be resolved. These issues are identified

in the accompanying Statement of Disputed Factual Issues. The facts are set out in this Declaration. Also attached to this Declaration is a sworn affidavit of Hansel Mercedes Castro. (Exhibit A).

4. On October 31, 2006, I was using the dayroom telephone in the Alpha cellblock of the Polk County Jail in Frostproof, Florida.

5. Defendants Hjort and Przenkop entered the cellblock/dormitory and ordered an inmate to return to his assigned cell. I was authorized to be in the dayroom and it wasn't I who was initially ordered to return to the cell contrary to Defendants' claim in their Motion for Summary Judgment.

6. The inmate who was ordered to return to is cell was argumentative at first but then complied and returned to his cell.

7. Defendant Hjort then walked over to the telephone area and without warning disconnected my call. I asked Defendant Hjort why didn't he just ask me to terminate my call and give me the opportunity to properly end my call and asked to speak to the officer in charge. I at no time became argumentative, disorderly, or unruly as the Defendants claim in their Motion for Summary Judgment.

8. Defendant Hjort became verbally abusive and now ordered me to return to my assigned cell. I immediately began walking towards the cell with Defendants Hjort and Przenkop following me.

9. Once I reached the doorway to the cell, I was forcefully pushed inside. I turned around and again asked to speak to a supervisor.

10. Defendant Hjort then punched me in my face and I reflexively raised my hands towards my face to protect myself from being punched again. In that instant Defendant Przenkop sprayed me with a chemical agent.

11. I at no time lunged at or attempted to swing at the Defendants as the Defendants claim in their Motion for Summary Judgment.

12. When Defendant Przenkop sprayed me, as the Defendants admit in their affidavits, I ran to the back of the cell away from the Defendants hoping they would just lock me in the cell and cease the use of force since I presented no threat or danger to them.

13. Instead, Defendants Hjort and Przenkop entered all the way into the cell, continued to assault me, and spray me with the chemical agent.

14. By this time Defendants Yi, Cooper, Smith, and other officers arrived and joined Defendants Hjort and Przenkop in beating me with their fists until everyone became overwhelmed by the amount of chemical agents used and I was able to run out of the cell where I was immediately knocked to the ground and handcuffed.

15. After I was already on the ground and handcuffed the Defendants continued to assault me until I lost consciousness.

16. When I regained consciousness, I was sitting on the floor of a shower stall, fully clothed and in handcuffs with water running over me.

17. I was then taken to see the on-duty nurse who notified her supervisor by telephone that I needed to be taken to a hospital.

18. I was taken to a hospital in Bartow where I was x-rayed, CT scanned, physically examined and kept for a brief observation period by the emergency room doctor.

19. On November 1, 2006, after being released from the hospital I was transported to the jail in Bartow then back to Frostproof and in direct contact with Defendants Hjort and Yi, where I was subjected to verbal threats and intimidation tactics to discourage me from making an official complaint.

20. On November 2, 2006, I was transferred to Okeechobee Correctional Institution where receiving prison staff noticed my injuries, immediately documented, and photographed each one.

21. Contrary to Defendants' affidavits and Motion for Summary Judgment, during these events I did not resist or threaten the Defendants in any fashion or break any county jail rules. I was not charged with any disciplinary infraction or a criminal offense to indicate any wrongdoing on my part.

22. The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, entitle me to judgment; as explained in the brief submitted with this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9<sub>TH</sub> day of March, 2010.

Ralph Xavier Perez, #349548<br>
Wakulla Correctional Inst. (Annex)<br>
110 Melaleuca Drive<br>
Crawfordville, Florida 32327

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been placed in the hands of prison officials for mailing to: Jack P. James, P.O. Box 2369, Lakeland, Florida 33806, on this 9<sub>TH</sub> day of March, 2010.

Ralph Xavier Perez, #349548<br>
Wakulla Correctional Inst. (Annex)<br>
110 Melaleuca Drive<br>
Crawfordville, Florida 32327

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH XAVIER PEREZ,
    PLAINTIFF,

VS.                                  CASE NO. 8:09-CV-261-T-MAP

OFFICER HOLT, et al.
    DEFENDANTS.  /
_____

AFFIDAVIT IN OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT

    I, HANSEL MERCEDES CASTRO, BEING COMPETENT TO MAKE THIS DECLARATION AND HAVING PERSONAL KNOWLEDGE OF THE MATTERS STATED THEREIN, DECLARES PURSUANT TO 28 U.S.C. SECTION 1746:

    I AM A WITNESS IN THE ABOVE MENTIONED CAUSE. ON OCTOBER 31, 2006 I WAS INCARCERATED AT THE POLK COUNTY JAIL IN FROSTPROOF, FLORIDA, IN ALPHA DORMITORY.

    ON OCTOBER 31, 2006 OFFICERS HJORT AND PRZENKOP ENTERED THE DORMITORY AND ORDERED AN INMATE, WHO WAS NOT SUPPOSED TO BE OUTSIDE OF HIS CELL, BACK INTO HIS CELL.

    AFTER THE INMATE WENT BACK INTO HIS CELL THE OFFICERS BEGAN, UNNECESSARILY, TO YELL AND THREATEN THE REST OF THE INMATES IN THE DORM WITH OFFICER PRZENKOP POINTING A CAN OF PEPPER SPRAY AT THE INMATES.

    OFFICER HJORT WALKED OVER TO THE TELEPHONE AREA AND HUNG THE PHONE UP ON INMATE RALPH PEREZ (PLAINTIFF), PEREZ IMMEDIATELY ASKED OFFICER HJORT IF HE COULD

*Exhibit A*

SPEAK TO HIS SUPERVISOR OR AN OFFICER IN CHARGE. OFFICER HJORT STARTED YELLING AND THREATENING HIM.

PEREZ THEN STARTED WALKING TOWARDS HIS CELL AND OFFICER HJORT FOLLOWED HIM. WHEN PEREZ REACHED HIS CELL OFFICER HJORT, FOR NO REASON, PUSHED PEREZ INSIDE AND WALKED IN BEHIND HIM WITH OFFICER PRZENKOP FOLLOWING.

I THEN LOCKED MYSELF INSIDE THE NEAREST CELL TO AVOID PROBLEMS FOR MYSELF. FROM INSIDE THE CELL I HEARD PEREZ SCREAMING FOR HELP BECAUSE THE OFFICERS WERE BEATING HIM.

WHEN I LOOKED OUT OF THE CELL DOOR WINDOW I SAW PEREZ WITH BLOOD ALL OVER HIM BEING TAKEN TOWARDS THE SHOWER AREA.

THIS IS ALL I WITNESSED.

PURSUANT TO 28 U.S.C. SECTION 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON MARCH 9, 2010.

_____  X43311

HANSEL MERCEDES CASTRO
DC # X43311
WAKULLA C.I. ANNEX
110 MELALEUCA DRIVE
CRAWFORDVILLE, FL. 32327