UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH XAVIER PEREZ,

    Plaintiff,

v.                   Case No. 8:09-cv-261-T-33MAP

OFFICER HOLT, et al.,

    Defendants.

## ORDER GRANTING MOTION FOR JURY TRIAL

This cause is before the Court on Plaintiff Perez's motion for a jury trial on the remaining excessive use of force claim (Doc. 87) and Defendants' response in opposition to the motion. (Doc. 90).

Background

Perez filed a pro se 42 U.S.C. § 1983 civil rights complaint on February 3, 2010. He did not include a demand for jury trial in the complaint. Subsequently, after the complaint was served on Defendants, Defendants filed their answer and affirmative defenses but did not include a demand for jury trial.

After the Court denied Defendants' motion for summary judgment, the Court appointed pro bono counsel to represent Perez, and counsel filed the motion for jury trial that is presently before the Court. Perez argues that he has been proceeding pro se until the Court appointed counsel and he [mistakenly] believed that his claims would be decided by a jury, even though he did not demand a jury trial.

Defendants argue that they would be prejudiced if the Court granted the motion for jury trial because they have been preparing for a bench trial and would have proceeded differently in preparing for a jury trial.

## **DISCUSSION**

In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir.1964), *cert. denied*, 379 U.S. 962 (1965); *see Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir.1979).[1] The district courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *See, e.g., Cascone v. Ortho Pharmaceutical Corp.*, 94 F.R.D. 333 (S.D. N.Y.1982); *Pawlak v. Metropolitan Life Ins. Co.*, 87 F.R.D. 717 (D. Mass.1980); *Three Rivers Rock Co. v. Weathers Towing, Inc.*, 82 F.R.D. 623 (N.D. Miss.1979); *Priest v. Rhodes*, 56 F.R.D. 478 (N.D. Miss.1972); *Mississippi v. Hurst,* 41 F.R.D. 186 (N.D. Miss.1966). The decision by the district court to grant or deny the motion is therefore reversible by the appellate court only for an abuse of discretion. *Parrott,* 707 F.2d at 1267.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The *Parrott* Court stated:

> Although the normal practice in the district court is to balance all of the factors enumerated above, when reviewing a lower court's denial of a belated jury request, our cases require that appellant courts give considerable weight to the movant's excuse for failing to make a timely jury request.

*Parrott*, 707 F.2d at 1267.

In *United States v. Hatcher*, No. 06-14032, 2007 WL 48646841, *2 (S.D. Fla, Dec. 4, 2007), Hatcher, a federal defendant, attributed his failure to request a jury trial to the fact he was proceeding pro se up until the point he retained counsel. The United States District Court for the Southern District of Florida applied the *Parrott* analysis and accepted defendant's argument as a reasonable ground on which to excuse his tardiness in filing a request for a jury trial.

Likewise, this Court accepts Perez's argument that he was proceeding pro se up until he was appointed counsel as a reasonable ground on which to excuse his tardiness in filing a request for a jury trial.

Accordingly, the Court orders:

That Plaintiff's motion to grant a jury trial for the remaining excessive use of force claim (Doc. 87) is granted.

ORDERED at Tampa, Florida, on July 16, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record